***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, modifies the Opinion and Award of the Deputy Commissioner, and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement as:
 STIPULATIONS *Page 2 
1. The parties are subject to the North Carolina Workers' Compensation Act, Chapter 97 of the North Carolina General Statutes. The Industrial Commission has jurisdiction over the named parties.
2. The parties stipulate that plaintiff's average weekly wage on March 9, 1994 (the date of injury) was $527.20. This accident was accepted as compensable via a Form 21 that was approved by the Industrial Commission on May 9, 1994.
3. The parties stipulate that as of the date of the hearing before the Deputy Commissioner the plaintiff had been paid the following benefits by the workers' compensation carrier: a total of $103,332.18 in indemnity compensation and $74,781.83 in medical compensation. Plaintiff has been out of work, and except for periods of interrupted payments previously the subject of litigation, receiving weekly benefits per N.C. Gen. Stat. § 97-29 since March 9, 1994.
4. The workers' compensation risk for Southeastern General Hospital as of the date of injury in this case has now been assumed by the statutory insurer, North Carolina Insurance Guaranty Association.
5. A copy of the Industrial Commission pleadings, filings, orders and appellate documents are attached as Exhibit A to the Pre-Trial Agreement and incorporated by reference.
6. The parties stipulated to the following exhibits being handed up at hearing:
 (a) The parties' discovery responses;
 (b) Plaintiff's medical records;
 (c) Copy of mediator's invoice; and
 (d) Copies of Industrial Commission forms and filings. *Page 3 
7. Defendants agreed that plaintiff's additional exhibits are genuine and authentic copies and may be received into evidence subject to the Industrial Commission's rulings on Defendants' objections based on relevance, attorney work product, and/or attorney-client privilege. The additional exhibits include:
 (a) N.C. State Bar Ethics Opinion in response to Pait's legal counsel's inquiry dated March 17, 2008;
 (b) Defendants' Response to Plaintiff's Motion to Dismiss filed February 5, 2008;
 (c) Defendants' e-mail to Chair Young dated March 26, 2008;
 (e) Defendants' e-mail to Mr. Lore and Chair Young dated March 27, 2008; and
 (f) A copy of North Carolina Insurance Guaranty Association's entire case file.
8. No testimony was taken at the hearing.
 *********** ISSUES
1. Defendants contend the issues to be determined are as follows:
 (a) Whether defendants are entitled to a final determination of the extent of plaintiffs disability, including but not limited to, consideration of whether plaintiff is entitled to compensation for permanent and total disability pursuant to N.C. Gen. Stat. § 97-29;
 (b) Whether defendants are entitled to reimbursement of plaintiff's share of the mediation costs; *Page 4 
 (c) Whether defendants are entitled to an award of attorney's fees per N.C. Gen. Stat. § 97-88.1;
 (d) Whether plaintiff's issue, numbered as 2(f) below, is ripe for consideration, or whether it should be held in abeyance until such time as the Commission determines whether defendants had reasonable grounds for bringing this action.
2. Plaintiff contends the issues to be determined are as follows:
 (a) Whether the sole reason defendants requested a hearing is to curtail the rights of putative dependents and next of kin to file a future death claim for fatal injuries to and occupational diseases contracted by plaintiff;
 (b) Did the Industrial Commission err in permitting the defendants to proceed with their requested hearing, the purpose of which is to curtail and eliminate death benefit rights under N.C. Gen Stat. § 97-38 et seq., without adding the necessary parties — the next of kin or dependents — who by statute are the sole beneficiaries of any death claim;
 (c) Did the Industrial Commission err by attempting to go forward with a hearing when the issue defendants seek to litigate lacks ripeness and case or controversy under N.C. Gen. Stat. §§ 97-83 and 97-91;
 (d) Did the Industrial Commission err by attempting to go forward with a hearing while failing to recognize that the employer and its insurance carrier have no standing to force a claimant to select the remedy of permanent and total disability;
 (e) Should the North Carolina Insurance Guaranty Association *Page 5 
be taxed with plaintiff's costs and attorneys' fees pursuant to N.C. Gen. Stat. §§ 97-80 and 97-88.1;
 (f) Whether any statutory provision that purports to protect the North Carolina Insurance Guaranty Association from being taxed with sanctions and costs just like any other litigant, including those under N.C. Gen. Stat. §§ 97-80, 97-88 and 97-88.1, violates the principle of equal protection of the law as set forth in both the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Constitution of North Carolina;
 (g) Whether going forward with a hearing without including the putative dependents and next of kin for a future death claim as parties is a violation of the due process clause of the Fourteenth Amendment of the United States Constitution
or the Law of the Land clause of the North Carolina Constitution.
 ***********
Based upon the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born on August 27, 1934. She has a high school education, two years of college courses, and a medical laboratory technician's degree obtained in 1977. She started work as a laboratory technician with defendant-employer in April 1977.
2. On March 9, 1994, Plaintiff was working for defendant-employer as a histology technician. On that date, plaintiff was exposed to a formaldehyde solution that spilled in the lab. While cleaning up the spill, plaintiff experienced symptoms typical of acute formaldehyde *Page 6 
exposure, including burning in the nose and throat, and itching eyes. As a result of her formaldehyde exposure, plaintiff developed a reactive airway disease causing bronchiospasm and a persistent cough that limits her ability to enter most environments outside of her home.
3. The plaintiff has not worked since the date of her work related injury and has been receiving compensation pursuant to an approved Form 21 Agreement wherein defendants admitted that plaintiff has a compensable injury resulting from "formalin exposure" and agreed to pay compensation for "necessary weeks."
4. On October 30, 2006, defendants filed a request for hearing asking that the Industrial Commission "determine the extent of plaintiff's permanent disability. . . ." Plaintiff has raised no issues regarding medical or indemnity compensation.
5. North Carolina Insurance Guaranty Association (hereinafter, NCIGA) has admitted that it is proceeding with this hearing in order to obtain "a final determination of disability within the meaning of N.C. Gen. Stat. § 97-38," which is language used for death claims under the Act. However, no death claim is before the Industrial Commission as plaintiff is still alive.
6. Based upon the greater weight of the evidence, the Full Commission finds that defendants are seeking a determination from the Industrial Commission that plaintiff is permanently and totally disabled and that the sole motivation of NCIGA for requesting this determination is to start the period of limitations under N.C. Gen. Stat. § 97-38, within which plaintiff's heirs or dependents (who are not parties to the current proceedings) could bring a death claim should she die as a result of the currently admitted work related injury.
7. On October 18, 2010, Felecia Taylor, the claims adjuster for plaintiff's claim, admitted during her deposition testimony that a determination of permanent and total disability *Page 7 
would not change NCIGA's current weekly indemnity payments to plaintiff, but could eliminate payments to her dependents and next of kin for a potential future death claim.
8. With respect to whether plaintiff is permanently and totally disabled, Dr. Somnath Naik, a pulmonary medicine physician, who has been treating plaintiff since 1992, agreed that he could not say to a reasonable degree of medical certainty that plaintiff's condition is going to be permanent into the future because of the possibility that new drugs may come on the market to treat her condition. He acknowledged that he was aware that there are "certain drugs in the pipeline, including genetic drugs," that may become available to improve plaintiff's condition. He opined, however, that currently plaintiff is totally disabled as a result of her compensable condition.
9. The Full Commission finds, based upon the greater weight of the evidence, that plaintiff's current incapacity to earn wages is total; however, the evidence is insufficient to prove that plaintiff is permanently and totally disabled.
10. The Full Commission finds that neither party engaged in stubborn, unfounded litigiousness, as both parties have raised legitimate issues for determination and legitimate defenses.
11. In light of the decision reached herein, the Full Commission deems it unnecessary to address the other issues raised by the parties.
 ***********
Based upon the foregoing Findings of Fact and Stipulations of the parties, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 8 
1. On March 9, 1994, plaintiff sustained an admittedly compensable injury by accident when she was exposed to an accidental spill of a formaldehyde solution. As a result, she has developed a reactive airway disease causing bronchiospasm and a persistent cough that limits her ability to enter most environments outside of her home. N.C. Gen. Stat. § 97-2(6).
2. As a result of the respiratory disease caused by the formaldehyde solution, the plaintiff has been incapable of earning wages in any employment since March 9, 1994. N.C. Gen. Stat. § 97-2(9);Hendrix v. Linn-Corriher Corp.,317 N.C. 179, 345 S.E.2d 374 (1986).
3. Defendants sole motivation for seeking a determination from the Industrial Commission that plaintiff is permanently and totally disabled is to start the period of limitations under N.C. Gen. Stat. § 97-38 within which plaintiff's heirs or dependents (who are not parties to the current proceedings) could bring a death claim should she die as a result of the admittedly compensable work related injury.
4. The greater weight of the evidence establishes that plaintiff's current incapacity to earn wages is total; however, the evidence does not prove that plaintiff is permanently and totally disabled as a result of her compensable injury. N.C. Gen. Stat. § 97-29.
5. Neither party engaged in stubborn, unfounded litigiousness, as both parties have raised legitimate issues for determination and legitimate defenses. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants request to have plaintiff determined to be both permanently and totally disabled is DENIED. *Page 9 
2. Defendants shall continue to pay to plaintiff indemnity compensation for her total incapacity to earn wages for "necessary weeks," or until further order of the Industrial Commission based upon her stipulated compensation rate.
3. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury for so long as such treatment is reasonably designed to effect a cure, give relief or lessen the period of disability, according to procedures adopted by the Industrial Commission.
4. Plaintiff shall reimburse defendants for her share of the cost of the mediation.
5. The request for attorney fees under N.C. Gen. Stat. § 97-88.1 by plaintiff and defendants is DENIED.
6. Defendants shall pay the costs of this action.
This the 20th day of June 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1